IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREATER KANSAS CITY LABORERS PENSION FUND, et al., | )<br>)<br>) No. 07-571-CV-W-NKL |
| Plaintiffs, | )<br>)<br>) |
| vs. | )<br>) |
| **DON DANKENBRING d/b/a**<br>**DON DANKENBRING & SONS MASONRY** | )<br>)<br>) |
| Defendant. | ) |

## DEFAULT JUDGMENT

Upon the motion of the Greater Kansas City Laborers Pension Fund, Greater Kansas City Laborers Welfare Fund, Greater Kansas City Laborers Vacation Plan, and Greater Kansas City Laborers Training Fund, plaintiffs in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

1. Plaintiffs herein on August 10, 2007, filed their Complaint against the defendant herein; and

2. The defendant was served by Special Process Server with a copy of the Summons and Complaint on August 23, 2007, at *606 Broad Street, Waverly, Missouri 64096,* and therefore the Court has jurisdiction over said defendant; and

3. This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. 185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. 1132, and therefore the Court has subject matter jurisdiction over the within cause; and

4. Defendant has failed to answer or otherwise defend as to plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of record or upon

00057059;L04-111;DJP /font=6

plaintiffs; and the plaintiffs have heretofore filed in the within cause on the 25th day of October, 2007, the following pleadings and caused the same to be mailed by certified mail to: *606 Broad Street, Waverly, Missouri 64096*:

    a.    Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

    b.    Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure).

    c.    Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

5.    The Court entered a show-cause order on the 15th day of November, 2007 directing defendant to show cause why default judgment should not be entered against it and caused said Order to be mailed by certified mail to: *606 Broad Street, Waverly, Missouri 64096*. Nevertheless, no proceedings have been made by defendant since the institution of this action or the aforementioned Order of the Court to show cause why default judgment should not be entered.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, Don Dankenbring d/b/a Don Dankenbring & Sons Masonry, and in favor of plaintiffs, Greater Kansas City Laborers Pension Fund, Greater Kansas City Laborers Welfare Fund, Greater Kansas City Laborers Vacation Plan, and Greater Kansas City Laborers Training Fund, and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

{00057059;L04-111;DJP }

2

00057059;L04-111;DJP /font=6

# COUNT I

1.   That the plaintiff, Greater Kansas City Laborers Pension Fund, have and recover of and from the defendant for the period **January 1, 2005 through December 31, 2005,** the amount of **EIGHT THOUSAND, FOUR HUNDRED EIGHTY-SIX AND 28/100 ($8,486.28) DOLLARS** in unpaid fringe benefit contributions, **ONE THOUSAND, FOUR HUNDRED TWENTY-ONE AND 81/100 ($1,421.81) DOLLARS** as and for liquidated damages and **THREE HUNDRED SEVENTY-FOUR 58/100 ($374.58) DOLLARS** representing interest on the unpaid contributions; **TWO THOUSAND, NINE HUNDRED FIFTY-EIGHT AND 77/100 ($2,958.77) DOLLARS** representing reasonable attorneys' fees; **TWO THOUSAND, EIGHT HUNDRED SEVENTY-ONE AND 37/100 ($2,871.37) DOLLARS** representing audit costs, for a total of **SIXTEEN THOUSAND, ONE HUNDRED TWELVE AND 81/100 ($16,112.81) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2.   Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2006,** to date.

3.   That the plaintiff, Greater Kansas City Laborers Pension Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2006,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs,

interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Greater Kansas City Laborers Pension Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

## COUNT II

1. That the plaintiff, Greater Kansas City Laborers Welfare Fund, have and recover of and from the defendant for the period **January 1, 2005 through December 31, 2005,** the amount of **NINE THOUSAND, ONE HUNDRED EIGHTY-TWO AND 10/100 ($9,182.10) DOLLARS** in unpaid fringe benefit contributions, **ONE THOUSAND, SIX HUNDRED THIRTY-FOUR AND 25/100 ($1,634.25) DOLLARS** as and for liquidated damages and **FOUR HUNDRED THIRTY AND 26/100 ($430.26) DOLLARS** representing interest on the unpaid contributions; **TWO THOUSAND, NINE HUNDRED FIFTY-EIGHT AND 77/100 ($2,958.77) DOLLARS** representing reasonable attorneys' fees; **TWO THOUSAND, EIGHT HUNDRED SEVENTY-ONE AND 37/100 ($2,871.37) DOLLARS** representing audit costs, for a total of

**SEVENTEEN THOUSAND, SEVENTY-SIX AND 75/100 ($17,076.75) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2006,** to date.

3. That the plaintiff, Greater Kansas City Laborers Welfare Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2006,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Greater Kansas City Laborers Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

### COUNT III

1. That the plaintiff, Greater Kansas City Laborers Vacation Plan, have and recover of and from the defendant for the period **January 1, 2005 through December 31, 2005,** the amount of **THREE THOUSAND FOUR AND 30/100 ($3,004.30) DOLLARS** in unpaid fringe benefit contributions, **FIVE HUNDRED THIRTY-SIX AND 76/100 ($536.76) DOLLARS** as and for liquidated damages and **ONE HUNDRED FORTY-TWO AND 00/100 ($142.00) DOLLARS** representing interest on the unpaid contributions; **ONE HUNDRED TWENTY-FOUR AND 58/100 ($124.58) DOLLARS** representing reasonable attorneys' fees; **ONE HUNDRED TWENTY AND 90/100 ($120.90) DOLLARS** representing audit costs, for a total of **THREE THOUSAND, NINE HUNDRED TWENTY-EIGHT AND 54/100 ($3,928.54) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2006,** to date.

3. That the plaintiff, Greater Kansas City Laborers Vacation Plan, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said

{00057059;L04-111;DJP }
6

00057059;L04-111;DJP /font=6

Case 4:07-cv-00571-NKL   Document 14   Filed 12/04/07   Page 6 of 9

agreements from **January 1, 2006,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Greater Kansas City Laborers Vacation Plan on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

## COUNT IV

1. That the plaintiff, Greater Kansas City Laborers Training Fund, have and recover of and from the defendant for the period **January 1, 2005 through December 31, 2005,** the amount of **ONE THOUSAND, THIRTY-NINE AND 95/100 ($1,039.95) DOLLARS** in unpaid fringe benefit contributions, **ONE HUNDRED EIGHTY-FIVE AND 80/100 ($185.80) DOLLARS** as and for liquidated damages and **FORTY-NINE AND 15/100 ($49.15) DOLLARS** representing interest on the unpaid contributions; **ONE HUNDRED EIGHTY-SIX AND 87/100 ($186.87) DOLLARS** representing reasonable attorneys' fees; **ONE HUNDRED EIGHTY-ONE AND 36/100 ($181.36) DOLLARS** representing audit costs,

{00057059;L04-111;DJP }
7

00057059;L04-111;DJP /font=6

Case 4:07-cv-00571-NKL   Document 14   Filed 12/04/07   Page 7 of 9

for a total of **ONE THOUSAND, SIX HUNDRED FORTY-THREE AND 13/100 ($1,643.13) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2006,** to date.

3. That the plaintiff, Greater Kansas City Laborers Training Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2006,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Greater Kansas City Laborers Training Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

{00057059;L04-111;DJP }
8

00057059;L04-111;DJP /font=6

Case 4:07-cv-00571-NKL   Document 14   Filed 12/04/07   Page 8 of 9

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

s/ NANETTE K. LAUGHREY  
UNITED STATES DISTRICT JUDGE

DATED: <u>December 4, 2007</u>

{00057059;L04-111;DJP }

9

00057059;L04-111;DJP /font=6